IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LEBERT A. GORDON,**

   Petitioner,

  v.          CIVIL ACTION NO. 3:07cv89
                (Judge Bailey)

**D. L. STINE, Warden,**

   Respondent.

## REPORT AND RECOMMENDATION

On May 3, 2007, the *pro se* petitioner, an inmate at the United States Penitentiary ("USP") at McCreary, filed a petition for writ of habeas corpus in the United States District Court for the District of Columbia. Because the petitioner's custodian was at that time the Warden at USP Hazelton, the matter was transferred to this Court on July 11, 2007. The petitioner has paid the required $5.00 filing fee.

On September 11, 2007, the undersigned conducted a preliminary review of the file and determined that summary dismissal of the petition was not warranted at that time. Therefore, the respondent was directed to show cause why the petition should not be granted. On January 10, 2008, the respondent filed his response to the petition, together with supporting memorandum and exhibits. Although the petitioner requested and was granted an extension of time within which to file a reply, as of the date of the Report and Recommendation, no reply has been filed.

**I. The Pleadings**

**A. The Petition**

In the petition, the petitioner asserts that faulty or missing documents have prejudiced him by increasing his security designation level and denying him the ability to challenge his incarceration. The petitioner further alleges that the loss of such documents have resulted in his unjust confinement. As relief, the petitioner seeks release from his confinement. In the alternative, the petitioner seeks an order transferring him to F.C.I. Farrenton, a lower custody facility.

**B. The Respondent's Response**

In the response, the respondent asserts that this court lacks jurisdiction to entertain the petitioner's claims because he is challenging the imposition of his sentence and not its execution. In addition, the respondent argues that the petitioner has no protected liberty interest in being transferred to a lower security institution.

**II. The Petitioner's Conviction and Sentence**

Following a plea of not guilty in two separate criminal actions, the petitioner was convicted in Superior Court of the District of Columbia to multiple offenses including Murder While Armed in Violation of D.C. Code §§ 22-2401, 3202[1]; Assault with a Dangerous Weapon in violation of DC Code § 502[2]; two counts of Carrying a Pistol without a License in violation of DC Code § 22-3204[3]; and two counts of Assault with intent to Kill while Armed in violation of D.C. Code §§ 22-501, 3202[4]. (See 1:07cv85-MK-JES Docs. 13-2, p 2, 13-3, 13-4, 13-5 ). He was sentenced on April 23,

---

[1]These provisions have been updated and recodified in §§ 22-2101, 4502, respectively.

[2]This provision has been recodified in § 22-402.

[3]This provision has been recodified in § 22-4504(b).

[4]This provision has been recodified in §§ 22-401, 4502.

1987 and October 22, 1987. As a result of these two Judgment and Commitment Orders, the petitioner is serving a term of imprisonment of fifty (50) years, eight (8) months to life, with a mandatory minimum term of twenty (20) years.

Under the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), D.C. ST. § 24-101 *et. seq.*, the petitioner was eventually transferred to the custody of the BOP. At that time, the petitioner initiated this matter, he was confined at USP Hazelton. He has since been transferred to USP McCreary, which is located in Pine Knot, Kentucky. However, a §2241 petition must be filed in the district of incarceration, United States v. Miller, 871 F. 2d 488 (4th Cir. 1989), and jurisdiction is determined at the time of filing of the petition. Hooker v. Sivley, 187 F. 3d 680, 682 (5th Cir. 1999). Thus, this Court continues to have jurisdiction over this matter even though the petitioner is no longer incarcerated in a facility located in the Northern District of West Virginia.

### III. Analysis

#### A. Imposition of Sentence

Prior to 1970, "the D.C. court system did not exist in its present form, and many of the cases now brought in the District's courts were instead heard in federal court." Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998). That system changed in 1970, when the United States Congress passed the District of Columbia Court Reform and Criminal Procedure Act, Pub. L. No. 91-358 (1979) ("Court Reform Act"). The Court Reform Act established the current dual court system and provided a "remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence." Blair-Bey, at 1042 (citing D.C. Code § 23-110).

Section 23-100(g) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, **shall not be entertained** by the Superior Court or **by any Federal or State court** if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

(Emphasis added).

Therefore, prisoners, such as this petitioner, sentenced by the Superior Court of the District of Columbia may collaterally challenge the constitutionality of their convictions by moving in that court under D.C. Code § 23-110. Garris v. Lindsay, 794 F.2d 722, 725 (D.C.Cir.)(*per curiam*), *cert denied*, 479 U.S. 993 (1986); *see also* Byrd v. Henderson, 199 F.3d 34, 36-37 (D.C. Cir. 1997) ("Since passage of the Court Reform Act, however, a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motions in the sentencing court-the Superior Court-pursuant to D.C. Code § 23-110."). If that avenue proves unsuccessful, the prisoner may then appeal in the D.C. Court of Appeals, which is the highest court in the local D.C. court system. See Garris, supra at 725 (citing D.C. Code § 23-110(f)).

The Court Reform Act further "provided that, to the extent that [a] remedy [under D.C. Code § 23-110] was available, **it was an exclusive one."** Blair-Bey, supra at 1042 (emphasis added.) In fact, the Supreme Court has characterized D.C. Code § 23-110(g) as an "unequivocal command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court...."Swain v. Pressley, 430 U.S. 372, 377 (1977). In Swain, the Supreme Court held that a district court lacks jurisdiction to entertain a habeas corpus petition attacking the constitutional validity of a Superior Court sentence even after the local remedy, if adequate and effective, has been pursued unsuccessfully. 430 U.S. at 377-78. Consequently, while

"prisoners sentenced by state courts may resort to federal habeas corpus after exhaustion of their state remedies, a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" Garris, supra at 726 (citations omitted). Thus, the Court Reform Act "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them, unless the petitioner could show that the section 23-110 remedy was 'inadequate or ineffective'". Blair-Bey, supra at 1042.

Determining whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective "hinges on the same considerations enabling federal prisoners to seek habeas review." Perkins v. Henderson, 881 F.Supp. 55, 59 (D.D.C. 1995); see also Swain, supra at 377("the language of § 23-110(g) was deliberately patterned after 28 U.S.C. § 2255"). Indeed, the determinative factor "is the inefficacy of the remedy, not a personal inability to utilize it...." Garris, supra at 727; see also David v. Bragg, 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991)("[T]he focus is on the efficacy of the remedy itself, and a federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between the D.C. and federal habeas remedies.")

Here, the petitioner is challenging the imposition of his sentence by arguing that the sentencing court's alleged loss of relevant documents pertaining to his case has prejudiced him and should result in his release from confinement. However, the petitioner has made no demonstration that the remedy available under § 23-110 was an "inadequate or ineffective" means of challenging his sentence. Indeed, it appears that petitioner has so far failed to seek relief under the provision, there being no reference to a prior motion in his present application. Moreover, even if petitioner unsuccessfully pursued his challenge under § 23-110, this failure would not itself be sufficient to demonstrate the inadequacy or ineffectiveness required to support jurisdiction here. See Pack v.

5

Yusuff, 218 F.3d 448, 452 (5th Cir. 2000) (stating, in the analogous context of 28 U.S.C. § 2255, that "[t]his Court and other Courts of Appeals have consistently noted that a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy")(internal quotations omitted); Perkins v. Henderson, 881 F.Supp. 55, 59 n. 5 (D.D.C. 1995) ("A petitioner may not complain that the remedies provided him by ...§ 23-110 are inadequate merely because he was unsuccessful when he invoked them."). Therefore, for the reasons stated, this court may not entertain the petitioner's § 2241 petition to the extent that it challenges the imposition of his sentence.

**B. Security Level Classification**

The petitioner asserts that he can provide viable information to prove that his is a model prisoner, who has incurred no disciplinary reports over his 22 years plus of incarceration. In addition, he alleges that he has demonstrated superior educational programming by obtaining two University Degrees and an excessive amount of institutional programming achievements. Advancing the argument that he has a liberty interest in being housed in the lowest security facility possible, the petitioner requests that this court order the Bureau of Prisons ("BOP") to transfer him to F.C.I. Farenton, a lower custody facility that is closest to his release destination in the Northeast Region of Norristown, Pennsylvania.

The United States Supreme Court, however, has held that an inmate's conviction sufficiently extinguishes the inmate's liberty interest and empowers the state to confine him in any of its prisons. Meachum v. Fano, 427 U.S. 215, 224 (1976). Furthermore, the Due Process Clause does not, in and of itself, protect a duly convicted prisoner against or require transfer from one institution to another. Id. at 225. Additionally, the Fourth Circuit has held that the Bureau of Prisons has discretion to determine where and under what conditions a federal prisoner is housed. Ajaj v. Smith, No. 03-7874,

2004 WL 1663968, *1 (4th Cir. July 27, 2004) *citing* Bell v. Wolfish, 441 U.S. 520, 529 (1979). Therefore, the petitioner's argument that he has a protected liberty interest in being transferred to a lower security institution, even if properly raised in a § 2241 action[5], is without merit.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to

---

[5] The petitioner's claim that he is entitled to a lower security rating, and therefore, confinement in a federal correctional institution as opposed to a United States penitentiary, is actually a challenge to the conditions of his confinement. Therefore, his claim is one challenging a violation of his civil rights, and is therefore not a claim which can be brought in a habeas corpus action. See Preiser v. Rodriquez, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and § 1983 actions apply to inmates making constitutional challenges to conditions of confinement). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). To pursue the claims raised in his petition, the petitioner must file a lawsuit governed by Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971), and pay the $350.00 filing fee.

counsel of record via electronic means.

DATED: August 13, 2008

                                                     /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE